UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH ERCOLE,

                           Plaintiff,

          -against-

ROBERT WILKIE, Secretary of U.S.
Department of Veterans Affairs; MERIT
SYSTEM PROTECTION BOARD (NY),

                           Defendants.

19-CV-11961 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. §§ 1981, 1983 and 1985,

Title VII of the Civil Rights Act (Title VII), the Age Discrimination in Employment Act

(ADEA), the Uniformed Services Employment and Reemployment Rights Act (USERRA), and

the Freedom of Information Act (FOIA). Plaintiff alleges that during his employment with the

U.S. Department of Veterans Affairs (VA), he was wrongly sanctioned with an improper conduct

report, rated as having unsatisfactory work in his performance review, and passed over for

internal positions for which he applied.

      By order dated January 27, 2020, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if includes enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* at 678. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The following allegations are from Plaintiff Joseph Ercole's complaint. Plaintiff worked as a contract specialist (GS-1102) at three Veterans Administration ("VA") locations: the VA Medical Center in Bronx County, New York; the VA Medical Center in Northport, New York; and the Regional Procurement Office. (Compl, ECF 2, at 5.)

Christina Katz supervised Plaintiff at the VA. Plaintiff annexes to his complaint a copy of his September 12, 2018 email to Katz, requesting five days of military leave, from September 24 to September 30, 2018. (*Id.* at 273.) Katz's email response states, "Joe, This is the end of our fiscal year. Is there any way you can decline or postpone?" (*Id.*) Plaintiff contends that "Christina Katz had a problem with Plaintiff following law and requirements and seeking military leave" from his position at the VA. (*Id.* at 22-23; *see also id.* at 24) ("Defendant clearly held against Plaintiff being a military reserve member, being in the U.S. Navy Reserves, [ ] being a thorn in Christin Katz's side by [P]laintiff following law and requirements.")

At the end of 2018, Katz completed Plaintiff's performance appraisal for the period October 2017 to September 2018. Katz stated in the written appraisal that Plaintiff "continues to exhibit unsatisfactory performance with untimely execution of contracts." (ECF 2 at 161.) She also wrote that he "seems to be disorganized" and has "poor quality work." (*Id.*) Plaintiff objects to the manner in which his supervisor conducted the appraisal. (*Id.*) ("This performance appraisal is poorly completed, unsatisfactory, was received past the 60 day requirement to send to employee (deadline 11/30/2018), is missing performance plan, missing any changes sent 12/6/2018, applicable policy requirements as per VA Handbook 5013 (p. 4). . . ."). Plaintiff did not receive a within-grade pay increase. (*Id.* at 8-9.)

A job for a Contracting Specialist at the VA was posted in January 2019, and Plaintiff applied. (*Id.* at 10.) He was referred for consideration, and Irma Ferro "called to ask Plaintiff what he was looking for in that job applied for. Plaintiff explained [that he was] seek[ing] to be transferred or detailed away from Christina Katz. Plaintiff never heard back on that job opening from anyone" else. (*Id.*) Plaintiff eventually learned that an office was being readied for "the

newly hired Contracting Specialist." (*Id.*) In April 2019, Plaintiff submitted a request under the FOIA "to obtain documents on that job" but "defendant has not provided anything." (*Id.*)

On June 17, 2019, Katz issued Plaintiff an "improper conduct" report based on his May 21, 2019 email to her, which included several comments that she characterized as "unprofessional." (*Id.* at 14, 238.) This included Plaintiff's telling Katz that her earlier communication to him was "not a proper response and a cop out." (*Id.*) Plaintiff attaches to the complaint a letter sustaining Katz's reprimand; the letter indicates that the reprimand will be placed in Plaintiff's file and either withdrawn or destroyed after a period of time or may be "used in determining an appropriate penalty if further infractions occur." (*Id.* at 216.)[1]

At some point, Plaintiff wrote to the Merit Systems Protection Board (MSPB), seeking withdrawal of the performance appraisal rating his work as unsatisfactory and the improper conduct notice, and asking to be reassigned to another supervisor. (*Id.* at 133). Plaintiff alleges that "MSPB is listed as [a] Defendant since MSPB has not properly processed Plaintiff's filed complaint with MSPB #NY-1221-19-0168-W-1." (*Id.* at 2.)

Plaintiff invokes Title VII , asserting claims for "discrimination of race, . . . national origin [and] ethnicity." (*Id.* at 10-11.) He also asserts claims under 42 U.S.C. §§ 1981, 1983, and 1985, the ADEA, and FOIA. Plaintiff names as defendants the MSPB and the Secretary of the VA. Plaintiff seeks damages and unspecified injunctive relief. (*Id.* at 30.)[2]

---

[1] According to Plaintiff's IFP application, he is not currently employed at the VA, but he does not allege in the complaint that he was fired from working at the VA. (ECF 1 at 1.)

[2] Plaintiff has filed several prior actions against his federal employers. *See Ercole v. Shinseki*, ECF 1:13-CV-01377 (RWS) (S.D.N.Y.) (dismissing with prejudice for Plaintiff's repeated failure to appear for status conferences, Plaintiff's suit alleging that because of his white race, he was not hired for an internal agency position for which he applied in May 2011); *Ercole v. LaHood*, No. 07-CV-2049, 2011 WL 1205137, at *11 (E.D.N.Y. Mar. 29, 2011) (dismissing complaint that alleged that the U.S. Department of Transportation discriminated against Plaintiff "based on age (Plaintiff is over 40 years), skin color, National Origin, Race, [and] military status

**DISCUSSION**

A.      **Claims under 42 U.S.C. §§ 1981 and 1983**

Title 42 United States Code § 1981(a) states: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." An amendment to § 1981 clarifies that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law " 42 U.S.C. § 1981(c). "[T]he phrase 'under color of state law' as used in [§ 1981 and] related civil rights statutes, notably 42 U.S.C. § 1983, [applies] only to state actors, not federal officials." *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005). Accordingly, an employment discrimination action under § 1981 or § 1983 does not lie against a federal defendant. *See id.*

Generally, suits under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), are "the federal analog to suits brought against state officials under [§ 1983]." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].")); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*).

Federal employees covered by the Civil Service Reform Act of 1978 (CSRA), however, may not directly raise constitutional claims under *Bivens* for adverse employment actions. By enacting the CSRA, Congress "has clearly expressed its intent to preclude federal civil service

---

as a Navy Reserve (SELRES)[] by not timely responding to Plaintiff's FOIA [request] and incorrectly responding to [that request] by lying to [him], [and] structuring the office employment positions against" him in violation of Title VII , the ADEA, the Administrative Procedure Act, the Veterans' Employment Opportunity Act, and the Civil Service Reform Act"), *aff'd*, 472 F. App'x 47 (2d Cir. 2012) (summary order), *cert. denied*, 133 S. Ct. 1479 (2013).

personnel . . . from attempting to supplement statutory remedies . . . with separate suits at equity raising constitutional challenges to adverse employment decisions." *Dotson*, 398 F.3d at 182. Because federal employees governed by CSRA cannot pursue *Bivens* challenges to employment actions, *Elgin v. Dep't of Treasury*, 567 U.S. 1 (2012); *Bush v. Lucas*, 462 U.S. 367 (1983), and Plaintiff alleges that his employment was under the CSRA (ECF 2 at 29), the Court declines to recharacterize Plaintiff's claims, brought under §§ 1981 and 1983, as *Bivens* claims.

## B.    Claims under 42 U.S.C. § 1985

To state a claim of conspiracy under 42 U.S.C. § 1985(3), a plaintiff must show that there exists: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of her right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "The conspiracy must be motivated by racial or related class-based discriminatory animus." *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir.1996).

"[T]he United States has not waived sovereign immunity for claims . . . brought pursuant to 42 U.S.C. [§] 1985." *Haynes v. Quality Mkts.*, 307 Fed. Appx. 473, 475 (2d Cir. 2008). Plaintiff's claims under § 1985 must therefore be dismissed because "§ 1985 do[es] not provide a remedy against the federal government." *Harrison v. Potter*, 323 F. Supp. 2d 593, 604–05 (S.D.N.Y. 2004); *Murray v. Lakeland Cent. Sch. Dist. Bd. of Educ.*, No. 16-CV-6795, 2017 WL 4286658, at *7 (S.D.N.Y. Sept. 26, 2017) (holding that claims under § 1985 against the United States and individual federal officials sued in their official capacity are "inapplicable to the federal government.").

**C.      Challenge to improper-conduct report and denial of within-grade increase**

The CSRA generally permits a federal employee subjected to a serious personnel action to appeal the agency's decision to the MSPB.[3] Such an appeal may allege that the agency had insufficient cause for taking the action under the CSRA, and may also (or instead) charge the agency with discrimination prohibited by a federal statute. *See* 5 U.S.C. § 7702(a)(1). When an employee alleges that a personnel action appealable to the MSPB was based on discrimination, the case is known as a "mixed case." *See* 29 C.F.R. § 1614.302. Mixed cases are governed by special procedures set out in the CSRA and regulations of the MSPB and Equal Employment Opportunity Commission (EEOC).

A federal employee bringing a "mixed case" that includes allegations of unlawful discrimination may proceed in a variety of ways. He may first file a discrimination complaint with the agency itself, 5 C.F.R. § 1201.154(a); 29 C.F.R. § 1614.302(b), and if the agency decides against him, the he may then either take the matter to the MSPB or sue the agency in a federal district court, 5 C.F.R. § 1201.154(b); 29 C.F.R. § 1614.302(d)(1)(i).

Alternatively, the employee may bring his case directly to the MSPB, forgoing the agency's own system for evaluating discrimination charges. 5 C.F.R. § 1201.154(a); 29 C.F.R. § 1614.302(b). If the MSPB upholds the personnel action (whether in the first instance or after the agency has done so), the employee again has a choice: He may request additional administrative process, this time with the EEOC, or he may seek judicial review. 5 U.S.C.

---

[3] Federal employees generally are entitled to a periodic within-grade increase if "the work of the employee is of an acceptable level of competence . . ." 5 U.S.C. § 5335(a). When a determination is made that an employee's work is "not of an acceptable level of competence, the employee is entitled to prompt written notice of that determination and an opportunity for reconsideration of the determination . . . If the determination is affirmed on reconsideration, the employee is entitled to appeal to the" MSPB. 5 U.S.C. § 5335(c).

§ 7702(a)(3), (b); 5 C.F.R. § 1201.161; 29 C.F.R. § 1614.303. A federal employee who claims

that an agency action appealable to the MSPB violates a federal antidiscrimination statute must

seek judicial review of the MSPB decision in a federal district court, not in the Federal Circuit.

*Kloeckner v. Solis*, 568 U.S. 41 (2012) (holding that judicial review is proper in a federal district

court regardless whether the MSPB decided the case on procedural grounds or on the merits.)

Here, Plaintiff alleges that the "MSPB is listed as [a] Defendant since MSPB has not

properly processed Plaintiff's filed complaint with MSPB #NY-1221-19-0168-W-1." (ECF 2 at

2.) He further alleges that he "filed a complaint with the MSPB[;] however no corrective action

was taken by Defendant." (*Id.* at 6.) He states that he "did file a formal charge of

discrimination[;] however, all information was not thoroughly reviewed by Defendant agency

and no government officer nor court has heard the Complaint to date." (*Id.* at 23). On this basis,

Plaintiff states that he has "exhausted all other means of the complaint with no Federal

government office [or] Court addressing Plaintiff's complaints" (ECF 2 at 22).

The Court is unable to determine from Plaintiff's allegations what claims he raised in a

complaint with the MSPB, when he filed the complaint, or what response, if any, he received.

Plaintiff asserts that his claims have been exhausted but he does not plead facts about what steps

he took to exhaust his administrative remedies. It is therefore unclear if Plaintiff's claim seeking

judicial review of the MSPB's decision is ripe for review.

Moreover, insofar as this is a "mixed case," in which Plaintiff is asserting that the

employment action was discriminatory, he must plausibly allege that the adverse employment

actions were motivated by his protected characteristics. *See Patane v. Clark*, 508 F.3d 106, 112

(2d Cir. 2007) (antidiscrimination provisions prohibit employers from mistreating an individual

because of the individual's protected characteristics).

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Similarly, the ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (summary order?) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in a Title VII action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87. Plaintiff states that he brings claims for "discrimination of race, discrimination of national origin, discrimination of ethnicity, discrimination of age, reprisal by supervisor . . ." (ECF 2 at 10.) He does not plead facts about his own race, national origin, ethnicity, or age, or that of his supervisor, or anyone else. Instead, Plaintiff alleges, for example:

> Defendant circumvented Federal hiring practices, other discrimination, and other egregious acts against Plaintiff, including taking action to not process plaintiff's employment application, improperly acting upon Plaintiff. Preventing lateral and/or transfer from employment position and any promotion of Plaintiff,

> Defendant hiring a person with less qualification and did not meet the hiring requirements, as Christina Katz told Plaintiff the new hire, "lied to me during the application and hiring process," but Christina Katz did nothing, and the new hire was not at work 2 days, and then went on leave for 3 months and Christina Katz gave all of that new hire work to Plaintiff, with Christina Katz telling Plaintiff, "I can give you as much work as I want." . . . Defendant does not care for Plaintiff as an employee due to following law and requirements and Christina Katz cannot work well with people, and violates law and requirements.

(ECF 2 at 13-14.)

Neither these allegations nor any other allegations in Plaintiff's complaint identify particular events or facts that would give rise to an inference that any defendant took adverse action against Plaintiff *because of* his race, national origin, or age, none of which he specifies in the complaint. Plaintiff's allegation that he was discriminated against is a "'naked assertion' devoid of 'further factual enhancement[]'" and thus insufficient to state a plausible claim under Rule 8. *Iqbal*, 556 U.S. at 678.

Moreover, Plaintiff seems to suggest that the adverse actions against him were *not* because of his membership in a protected group; instead, the adverse actions (failure to promote him, unsatisfactory performance appraisal, improper conduct report) were allegedly taken "due to [his] following law and requirements," while his supervisor "violates law and requirements." (*Id.* at 14; *see also id.* at 12 ("Plaintiff was . . . penalized for doing the right thing, explaining and providing proof and speaking up when other employees were Absent Without Leave (AWOL).")). Plaintiff's allegations therefore do not state a claim that his employer discriminated against him because of his protected characteristics.

The Court grants Plaintiff leave to amend his complaint to cure its deficiencies. If Plaintiff chooses to file an amended complaint, it must comply with Rule 8 and include a short and plain statement of his claim. If Plaintiff repleads these Title VII and ADEA claims in an amended complaint, he must include a short and plain statement explaining what happened that

would give rise to an inference that any adverse action against him was because of his membership in one or more protected groups. Plaintiff should include facts about what claims he raised with the MSPB, when he filed with the MSPB, and what response he received. He can also include facts about any charge of discrimination that he filed with the VA or with the EEOC.[4]

## D.    Uniformed Services Employment and Reemployment Rights Act (USERRA)

The USERRA forbids employment discrimination on the basis of membership in the armed forces. 38 U.S.C. §§ 4301(a)(3), 4311(a). An employer violates USERRA if an employee's membership or obligation for service in the military is a motivating factor in an employer's adverse employment action taken against the employee, unless the employer can prove that the action would have been taken in the absence of such membership or obligation. *Id.* § 4311(c)(1).

Plaintiff alleges that in September 2018, he requested 5 days of military leave, and his supervisor at the VA asked him whether he could reschedule his leave because of the "end of our fiscal year." (ECF 2 at 273.) These allegations, without more, are insufficient to plead that his military service was a motivating factor in his unsatisfactory performance review, his improper-conduct report in connection with his May 2019 email, or the denial of his within-grade increase. Plaintiff thus fails to state a claim under the USERRA.

---

[4] "Title VII's charge-filing instruction is not jurisdictional," *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019), and the failure to comply with Title VII's statute of limitations is subject to waiver, estoppel, and equitable tolling, *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

**E.      Freedom of Information Act**

"The FOIA confers jurisdiction on the district courts 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.'" *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)). At the outset, an aggrieved party must plausibly allege that "an agency has (1) improperly; (2) withheld; (3) agency records." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)) (quotations omitted). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *Tax Analysts*, 492 U.S. 142.[5]

A FOIA request must "reasonably describe the records of interest," which "means that documents must be described sufficiently to enable a professional employee familiar with the subject to locate the documents with a reasonable effort. . . . Extremely broad or vague requests or requests requiring research do not satisfy this requirement." 32 C.F.R. § 1900.12(a). "The plaintiff is considered to have failed to exhaust [his] administrative remedies, and the complaint must be dismissed" if the plaintiff failed to make a proper FOIA request pursuant to the agency's regulations." *Robert v. Cent. Intelligence Agency*, No. 02-CV-6788 (JS) (AKT), 2018 WL 1598611, at *6 (E.D.N.Y. Mar. 31, 2018), *aff'd*, 779 F. App'x 58 (2d Cir. 2019) (summary order?).

The FOIA specifically provides for an administrative appeal process following an agency's denial of a FOIA request. *See* 5 U.S.C. § 552(a)(6)(A)(i) (agency shall "notify the

---

[5] Money damages are not among the remedies available in a FOIA action. See 5 U.S.C. § 552(a)(4)(B); *Diamond v. FBI n*, 532 F. Supp. 216, 233 (S.D.N.Y. 1981), *aff'd sub nom. Diamond v. FBI .*, 707 F.2d 75 (2d Cir. 1983).

person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination").

Plaintiff alleges that in March or April 2019, he submitted a request under the FOIA. Plaintiff does not specify in the complaint the records he requested other than alleging that he filed a request "to obtain documents on that job." (ECF 2 at 10.) It is therefore unclear if Plaintiff's FOIA request reasonably described for the agency the records that he sought.

Plaintiff alleges that he has not received the documents requested, but he does not explain whether the agency responded that he was not entitled to the requested documents and, if so, the reasons that it gave. Plaintiff also does not allege facts about whether he exhausted his administrative remedies by appealing the denial of his FOIA request to the head of the agency. Plaintiff's allegations are thus insufficient to allege that the agency has improperly withheld agency records, and it is unclear if his FOIA claim is ripe for review. The Court further notes that the federal agency itself, and not an individual, is the proper defendant for Plaintiff's FOIA claims.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims, except that he must not reassert those claims for which amendment would be futile. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

13

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-11961 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time.

If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(B)(ii). This order will be mailed in Chambers.

Dated:   March 27, 2020
         New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
_____(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                        Middle Initial          Last Name

_____

Street Address

_____

County, City                                State                  Zip Code

_____

Telephone Number                            Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State              Zip Code

Defendant 2: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State              Zip Code

Defendant 3: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State              Zip Code

Defendant 4: _____

            First Name                      Last Name

            _____

            Current Job Title (or other identifying information)

            _____

            Current Work Address (or other address where defendant may be served)

            _____

            County, City                  State           Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes  ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.