```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

JOSEPH ERCOLE,

                              Plaintiff,

                  -against-

ROBERT WILKIE, SECRETARY, U.S.
DEPARTMENT OF VETERANS AFFAIRS;
MERIT SYSTEMS PROTECTION BOARD,

                             Defendants.

19-CV-11961 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

      Plaintiff brings this *pro se* action, alleging that his federal employer discriminated against him based on his protected characteristics and seeking review of personnel decisions that he appealed to the Merit Systems Protection Board. By order dated March 27, 2020, the Court directed Plaintiff to amend his complaint to cure its deficiencies.[1] Plaintiff filed an amended complaint (ECF No. 7), and on July 9, 2020, submitted the exhibits for his amended complaint (ECF No. 9), because the exhibits he initially submitted were illegible.

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] By order dated January 27, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis*.

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the amended complaint until the Court reviewed the amended complaint and ordered that a summons be issued. The Court therefore extends the time to serve the amended complaint until 90 days after the date the summons is issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Robert Wilkie, Secretary, U.S. Department of Veterans Affairs, and the Merit Systems Protection Board through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to: (1) issue a summons and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on Defendants Robert Wilkie, Secretary, U.S. Department of Veterans Affairs, and the Merit Systems Protection Board; and (2) mark the box on the USM-285 form labeled "Check for service on U.S.A."

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 10, 2020
         New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Robert Wilkie, Secretary
   U.S. Department of Veterans Affairs
   810 Vermont Ave, NW
   Washington, DC 20420

2. Merit Systems Protection Board
   26 Federal Plaza
   Room 3137-A
   New York, NY 10278-0022