UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOSEPH ERCOLE,                                              :
                                                            :
                                    Plaintiff,              :
                                                            :                19-CV-11961 (VSB)
                     - against -                            :
                                                            :                **OPINION & ORDER**
                                                            :
ROBERT WILKIE, et al.,                                      :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X

<u>Appearances</u>:

Joseph Ercole
Ronkonkoma, NY
*Pro se Plaintiff*

Ilan Stein
DOJ-USAO
U.S. Attorney's Office, SDNY
New York, NY
*Counsel for Defendants*

<u>VERNON S. BRODERICK, United States District Judge</u>:

        Pro se Plaintiff Joseph Ercole ("Plaintiff") brings this action against the U.S. Secretary of

Veterans Affairs Denis R. McDonough[1] and the Merit System Protection Board ("MSPB" and

together, "Defendants") concerning disputes arising out of his employment at the U.S.

Department of Veterans Affairs ("VA").  Before me is Defendants' motion to dismiss the

amended complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).  Because the

amended complaint is not a short and plain statement of claims showing that Plaintiff is entitled

---

[1] By operation of Rule 25(d) of the Federal Rules of Civil Procedure, Denis R. McDonough, the successor to Robert
Wilkie, "is automatically substituted as a party."

to relief, it does not comply with Rule 8(a) and fails to state a claim under 12(b)(6), and thus

Defendants' motion to dismiss is GRANTED.

## I.    **Factual Background**[2]

Plaintiff is a disabled, male veteran and servicemember in the U.S. Navy Reserve, who

worked for the VA as a Contract Specialist.  (*See* Am. Compl. 3, 12.)[3]  On June 17, 2019,

Plaintiff's supervisor, Christina Katz, sanctioned Plaintiff by placing an "improper conduct"

report in Plaintiff's file.  (*Id.* 4, 7, 9; *see also* Am. Compl. Exs. 11–12.)[4]  Katz's supervisor, Irma

Ferro, affirmed the decision to reprimand Plaintiff.  (Am. Compl. 7; *see also* Am. Compl. Exs.

15.)  Plaintiff was also denied a within grade increase, meaning he was denied a periodic

increase in pay.  (*Id.* at 10, 11, 19, 20, 26, 37, 38, 46.)  Plaintiff filed an appeal with the MSPB,

which has not been resolved.[5]  (Am. Compl. 7, 8, 10; *see also* Am. Compl. Exs. 27–32.)

Because Katz "questioned [Plaintiff's] military duty" and his "reserve obligation

requirements," (*id.* 20; *see also id.* 42, 44, 46–47),[6] Plaintiff believes that Katz "did not want

---

[2] As a general matter, pro se Plaintiff's amended complaint ("Amended Complaint") is muddled, duplicative, and generally lacking in clarity.  However, I glean from the Amended Complaint the basic factual allegations contained in this section.  The facts set forth herein are taken from allegations in the Amended Complaint, (Doc. 7 ("Am. Compl.")) and associated exhibits (Doc. 9 ("Am. Compl. Exs.")), to the extent they are comprehensible.  I assume Plaintiff's allegations in the Amended Complaint to be true for purposes of the motion.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[3] The pin cites for the Amended Complaint refer to the page numbers, not the paragraph numbers.

[4] The page numbers for Am. Compl. Exs. refer to the page numbers assigned by ECF.

[5] The status of Plaintiff's MSPB appeal is not clear.  Plaintiff's Amended Complaint, filed May 22, 2020, alleges that "MSPB never completed the case and the matter has been sitting unanswered by MSPB."  (Am. Comp. 7.) However, Plaintiff attached to his opposition an initial decision of the Merit Systems Protection Board dated September 30, 2019, (Doc. 20-2), and a request for an extension of time to file a petition for review submitted on October 1, 2019, (Doc. 20-3).  It is unclear whether Plaintiff received an extension, whether Plaintiff timely filed a petition for review of the September 30, 2019 decision, and whether Plaintiff ever filed any additional claims or appeals with the MSPB concerning the allegations in this action.  Regardless, as explained below in Section V(B)(1), these issues are not dispositive.

[6] Although Plaintiff's initial complaint ("Complaint") included as an attachment an email that Katz sent Plaintiff asking Plaintiff to decline or postpone his military leave, (*see* Doc. 2, at 273), Plaintiff's Amended Complaint does not include this attachment or this specific factual allegation, (*see generally* Am. Compl.; Am. Compl. Exs.).  As Judge Louis L. Stanton, who was assigned the case prior to it being reassigned to me, warned Plaintiff, "[b]ecause

Plaintiff working for her due to Plaintiff's military status as a Navy Reservest [sic]."  (*Id.* 12.)

Plaintiff also believes that because management in his office was "composed of all females,"

"Plaintiff's gender of male played a role in actions and decisions against Plaintiff."  (*Id.*)

      Plaintiff applied for other open positions within the VA, but was not interviewed or

offered any of those positions, despite meeting the baseline qualifications.  (*Id.* 27–28, 38–39,

41–42).  Plaintiff submitted a request for documents under the Freedom of Information Act

("FOIA") about the job vacancies on March 7, 2019, (Am. Comp. Exs. 19–22), and another

FOIA request on May 23, 2019, (*id.* 23–26), but the VA "fail[ed] to provide the information,"

(*id.* 23.)

      Plaintiff filed a discrimination complaint with the VA, and when the VA did not take

action, he filed a complaint with the U.S. Employment Equal Opportunity Commission

("EEOC").  (*Id.* 12.)  The EEOC sent Plaintiff an email acknowledging receipt of his complaint

but sent "nothing further after that initial email."  (*Id.*)

## II.    <u>Procedural History</u>

      On December 30, 2019, pro se Plaintiff filed a request to proceed in forma pauperis

("IFP"), (Doc. 1), and a 31-page Complaint containing 251 pages of exhibits, (Doc. 2).  On

January 23, 2020, Plaintiff submitted an amended IFP application, (Doc. 4), which was granted

on January 27, 2020, (Doc. 5).

      On March 26, 2020, this matter was reassigned to Judge Louis L. Stanton, and on March

27, 2020, Judge Stanton issued an order identifying deficiencies in Plaintiff's original Complaint

and granting Plaintiff leave to file an amended complaint.  (Doc. 6 ("Order to Amend").)  Judge

---

Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint."  (Doc. 6 at 14.)  Accordingly, I cannot consider this allegation.

Stanton construed Plaintiff's original Complaint as asserting claims under 42 U.S.C. §§ 1981, 1983 and 1985; Title VII of the Civil Rights Act ("Title VII"); the Age Discrimination in Employment Act ("ADEA"); the Uniformed Services Employment and Reemployment Rights Act ("USERRA"); and FOIA.  (*Id.* 1.)  The order explained that Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 must fail because "an employment discrimination action under § 1981 or § 1983 does not lie against a federal defendant," (*id.* 5 (citing *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005)), and because "[f]ederal employees covered by the Civil Service Reform Act of 1978 (CSRA) . . . may not directly raise constitutional claims under *Bivens* for adverse employment actions," (*id.* 5–6 (citing *Dotson*, 398 F.3d at 182)).  Likewise, "Plaintiff's claims under § 1985 must . . . be dismissed because '§ 1985 do[es] not provide a remedy against the federal government.'"  (*Id.* 6 (quoting *Harrison v. Potter*, 323 F. Supp. 2d 593, 604–05 (S.D.N.Y. 2004).)

The order also explained what information Plaintiff needed to include in his amended complaint to state viable claims.  (*See generally id.*)  For example, to state a claim under Title VII, Plaintiff had to allege "what claims he raised in a complaint with the MSPB, when he filed the complaint, or what response, if any, he [had] received," (*id.* 8), and "particular events or facts that would give rise to an inference that any defendant took adverse action against Plaintiff because of his race, national origin, or age," (*id.* 10).  To state a claim under FOIA, Plaintiff must "specify in the complaint the records he requested," "whether the agency responded that he was not entitled to the requested documents and, if so, the reasons that it gave," and "whether he exhausted his administrative remedies by appealing the denial of his FOIA request to the head of the agency."  (*Id.* 13.)  The order generally advised Plaintiff to "tell the Court:  who violated his federally protected rights; what facts show that his federally protected rights were violated; when

such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief." (*Id.* 14.)

On August 7, 2020, the case was reassigned to me.  On May 26, 2020, Plaintiff filed his 51-page Amended Complaint, (Doc. 7), and on July 9, 2020, Plaintiff filed a handwritten letter indicating that he had intended to attach the enclosed 39 pages of exhibits, (Doc. 9), to the Amended Complaint.

On October 13, 2020, Defendants filed a motion to dismiss, (Doc. 15), and a memorandum of law in support, (Doc. 16 ("Defs.' Mem.")).  On December 7, 2020, Plaintiff filed a response.  (Doc. 20 ("Pl.'s Opp.").)  On December 11, 2020, Defendants filed a reply. (Doc. 21 ("Defs.' Reply").)

### III.    <u>Legal Standards</u>

#### A.    *Rule 8(a)*

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8 reflects the principle that a pleading should "give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  A court has the authority to strike portions of the complaint that are redundant or immaterial, or in certain circumstances where "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," a court may dismiss the complaint entirely.  *Id.*  "Failure to comply with Rule 8(a) may result in dismissal of a complaint, even if the pleader is proceeding pro se."  *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir. 1995).

### B.    *Rule 12(b)(1)*

A claim may be "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "Unlike Article III standing, which ordinarily should be determined before reaching the merits, statutory standing may be assumed for the purposes of deciding whether the plaintiff otherwise has a viable cause of action." *Coan v. Kaufman*, 457 F.3d 250, 256 (2d Cir. 2006) (citations omitted).  In deciding a Rule 12(b)(1) motion to dismiss, "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).  However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  *Morrison v. Nat'l Ausl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted). Furthermore, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)[,] a district court may consider evidence outside the pleadings."  *Id.*

### C.    *Rule 12(b)(6)*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Plausibility . . . depends on a host of considerations: the full factual picture

6

presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237. A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

Even after *Twombly* and *Iqbal*, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F.

Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks and alterations omitted).

IV.    **Application**

A.    *Rule 8(a)*

Defendants argue that Plaintiff's Amended Complaint is "'confused, ambiguous, vague, or otherwise unintelligible,' and thus fails to give the Defendants adequate notice of what the claims are, which decision or decisions are being challenged here, and the basis for such challenges." (Defs.' Mem. 6 (quoting *Salahuddin*, 861 F.2d at 42)). I agree.

I find that the 51-page Amended Complaint is rambling, convoluted, and internally contradictory, such that I cannot tell with any degree of certainty what claims Plaintiff is asserting. Plaintiff provides a laundry list of constitutional amendments, statutes, and agency policies Defendants have allegedly violated, including but not limited to Title VII, the Administrative Procedures Act, the Fourteenth Amendment, the "Office of Personnel Management requirements," the "U.S. Department of Veteran Affairs Handbook," "Merit System Protection Board cases and principles," and the "Federal Rules of Civil Procedure." (Am. Compl. 2.) Although Judge Stanton's Order to Amend explained that Plaintiff's claims under the Fourteenth Amendment and 42 U.S.C. §§ 1981, 1983 and 1985 would fail as a matter of law, (*see* Order to Amend 5–6), Plaintiff persists in bringing a claim under the Fourteenth Amendment and alleges that I have jurisdiction over this case under 42 U.S.C. §§ 1981, 1983 and 1985, among a dozen other (mostly inapposite) statutes, (*see* Am. Compl. 2–3; *see also id.* 28–29). And while Plaintiff makes an assortment of factual allegations, Plaintiff never clearly explains which Defendants engaged in what conduct, nor does Plaintiff explain what conduct gave rise to the purported violations of law at issue in this suit. As a result, Defendants do not have "fair notice of the claim asserted so as to enable [them] to answer and prepare for trial."

*Salahuddin*, 861 F.2d at 42.  Under these circumstances, dismissal under Rule 8(a) is

appropriate.  *See Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006) (summary order)

(dismissing complaint where "much of the complaint was incoherent and did not provide

Defendants with fair notice of the claims asserted against them"); *Strunk v. U.S. House of

Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order) (dismissing complaint

where plaintiff "asserted violations of several federal statutes and eleven constitutional

amendments, without explaining what conduct constituted the violations, which defendants

violated what statutes or amendments, or how the alleged violations harmed him"); *Djangmah v.

Magafara*, No. 16-CV-6136 (VSB), 2018 WL 4080346, at *4 (S.D.N.Y. Aug. 26, 2018)

(dismissing complaint "listing random facts and information that are difficult to understand and

tie together in any coherent way"); *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 596

(S.D.N.Y. 2013) (dismissing complaint where it was "disjointed and unorganized" and

containing substantial information that was "irrelevant . . . repetitive, and/or contradictory").

### B.     *Rule 12(b)(6)*

To the extent that I have been able to liberally construe Plaintiff's Amended Complaint as

asserting certain causes of action, Plaintiff has failed to state a plausible claim for relief over

which I would have subject-matter jurisdiction.

### 1.   CSRA

The Civil Service Reform Act ("CSRA") "establishes a comprehensive administrative

scheme for addressing federal employee grievances" and "provides remedies for a federal civil

service employee who alleges wrongful termination or challenges an adverse employment

decision."  *Brundin v. United States*, No. 95 CIV. 2689 (WK), 1996 WL 22370, at *6 (S.D.N.Y.

Jan. 19, 1996).  The CSRA enumerates certain "prohibited personnel practices," 5 U.S.C. § 2302,

and empowers the MSPB to review allegations of prohibited personnel practices, 5 U.S.C.

§ 7701.[7]  Covered personnel actions include, but are not limited to, decisions about appointments

or promotions; disciplinary or corrective actions; details, transfers, or reassignments;

reinstatement, restoration, or reemployment; performance evaluations, and decisions concerning

pay.  5 U.S.C. § 2302(a)(2)(A).  "If an employee asserts rights under the CSRA only, MSPB

decisions . . . are subject to judicial review exclusively in the Federal Circuit."  *Perry v. Merit*

*Sys. Prot. Bd.*, 582 U.S. 420, 422, (2017); *see also* 5 U.S.C. § 7703.  If, however, an employee

"complains of serious adverse action prompted, in whole or in part, by the employing agency's

violation of federal antidiscrimination laws, the district court is the proper forum for judicial

review."  *Perry*, 582 U.S. at 437; *see also Ugarte v. Johnson*, 40 F. Supp. 2d 178, 181 (S.D.N.Y.

1999) ("[A] federal government employee cannot obtain a remedy for a violation of the CSRA in

a federal district court.  A narrow exception confers jurisdiction in a federal district court of

certain claims of discrimination." (footnote omitted)).

Plaintiff alleges that the VA engaged in prohibited personnel practices.  (*See* Am. Compl.

at 31, 33 40.)  Plaintiff also alleges he filed a claim with the MSPB, (*see* Am. Compl. 7, 8, 10),

and Plaintiff attaches to his Amended Complaint an undated MSPB appeal that he filed against

the VA, (Am. Compl. Exs. 27–32).  In the MSPB appeal attached to his Amended Complaint,

Plaintiff alleges that Defendants "did not follow" various procedures, "took reprisal action"

against him "for following laws, regulations, policies, and procedures," did not "properly

process[]" his applications for vacant positions, and gave him a negative performance review

---

[7] To the extent that the Amended Complaint can also be construed to assert a claim under the Administrative
Procedure Act ("APA"), 5 U.S.C. § 702, that claim must be dismissed.  "[A]n employee is not permitted to
circumvent the administrative scheme outlined in the CSRA by bringing the same claim under the more general
APA."  *Perdeaux v. United States*, 33 F. Supp. 2d 187, 190 (E.D.N.Y. 1999) (citing *Tiltti v. Weise*, 155 F.3d 596,
601 (2d Cir. 1998)).

"not in accordance with" agency rules.  (*Id.* at 31.)  However, Plaintiff did not make any allegations to the MSPB in his appeal that the VA had discriminated against him on the basis of his race, gender, disability, or any other protected class.  (*See id.*)  Unless an MSPB appeal alleges that an adverse employment action is partially the result of discrimination, final MSPB decisions are only appealable to U.S. Court of Appeals for the Federal Circuit, not to courts within this Circuit.  *See Perry*, 582 U.S. at 422; *Brundin*, 1996 WL 22370, at *6; 5 U.S.C. § 7703.  In other words, I do not have jurisdiction to hear Plaintiff's claims that the VA engaged in prohibited personnel practices, except insofar as Plaintiff alleges that the VA engaged in those violations as a way of discriminating against him as a member of a protected class.

## 2.  USERRA

The USERRA prohibits employment discrimination on the basis of service in the uniformed services.  38 U.S.C. §§ 4301–4335; (Order to Amend 11).  However, claims under USERRA are also only appealable to the U.S. Court of Appeals for the Federal Circuit.  38 U.S.C. § 4324(d)(1); *see also Dew v. United States*, 192 F.3d 366, 372 (2d Cir. 1999) ("Section 4324 does not authorize a private USERRA action against the Federal Government, as an employer, in federal district court; rather, it confers jurisdiction upon the Merit Systems Protection Board ("MSPB"). . . . Decisions of the MSPB are subject to review in the Court of Appeals for the Federal Circuit.").  Therefore, to the extent that Plaintiff is bringing a USERRA claim, (*see* Am. Compl. 45), I do not have jurisdiction over that claim either.

## 3.  Title VII

Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2.  Title VII requires a plaintiff to exhaust his administrative remedies as a precondition to filing his claims in federal court.  42 U.S.C. § 2000e-5(e)–(f); *see*

*Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) ("Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII . . . statutory scheme[ ] and, as such, a precondition to bringing such claims in federal court." (internal quotation marks omitted)).  Courts have jurisdiction to hear Title VII claims only if the claims have first been raised before the EEOC or if they are "reasonably related to those that were filed with the agency."  *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (quoting *Legnani*, 274 F.3d at 686).  "In determining whether claims are reasonably related, the focus should be on the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving."  *Id.* at 201 (internal quotation marks omitted).  "Generally, claims based on a wholly different type of discrimination than initially asserted in the EEOC charge will not be permitted to be brought in federal court."  *Alonzo v. Chase Manhattan Bank, N.A.*, 25 F. Supp. 2d 455, 458 (S.D.N.Y. 2005) (internal quotation marks omitted).  "The purpose of the notice provision, which is to encourage settlement of discrimination disputes through conciliation and voluntary compliance, would be defeated if a complainant could litigate a claim not previously presented to and investigated by the EEOC."  *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 26 (2d Cir. 1985).

Plaintiff has not pleaded sufficient facts to establish that he has exhausted his administrative remedies.  Plaintiff alleges only that he "filed discrimination of unfair treatment because of race, sex (gender), and disability, first with U.S. Department of Veterans Affairs (VA) and then after no VA agency action Plaintiff's [sic] filed with U.S. Equal [sic] Opportunity Commission (EEOC)."  (Am. Comp. 12.)  However, Plaintiff does not allege when he filed the EEOC complaint, what specific facts the EEOC complaint alleged, or that he ever received a letter informing him of his right to file a civil action (the "Right to Sue Letter"), and when he

received the Right to Sue Letter.  *See* 42 U.S.C. § 2000e-5(f)(1).  Accordingly, it is impossible to determine whether Plaintiff has adequately exhausted his administrative remedies with regard to his EEOC complaint, and whether his action was filed within the appropriate deadlines.[8]

Assuming a plaintiff has exhausted his administrative remedies, courts in this Circuit analyze Title VII claims of employment discrimination under the three-stage, burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 793 (1973).  *See Ruiz v. County of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010).  Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination by showing that (1) he is a member of a protected class; (2) he performed his duties satisfactorily; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination.  *See McDonnell Douglas*, 411 U.S. at 802.  Because of the inherently elusive nature of intentional discrimination, a plaintiff must typically "rely on 'bits and pieces' of information to support an inference of discrimination, i.e., a 'mosaic' of intentional discrimination."  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015).  "An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'"  *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015) (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)).

---

[8] As Judge Stanton explained, Plaintiff may also exhaust his administrative remedies pursuant to Title VII by filing a discrimination claim with the MSPB.  (*See* Order to Amend 7–8.)  However, to the extent that Plaintiff's MSPB appeal does not allege discrimination, (*see* Am. Compl. Exs. 31), the MSPB appeal cannot serve as the basis for Plaintiff's exhaustion of his administrative remedies pursuant to Title VII.  The additional MSPB documents that Plaintiff attached to his opposition do not establish that Plaintiff has exhausted his administrative remedies either. (*See* Doc. 20-2; Doc. 20-3; *see also* Defs.' Reply 4–5.)

Plaintiff alleges the VA discriminated against him based on his race and gender.  (*See* Am. Comp. 12.)  As a threshold matter, Plaintiff does not allege any circumstances that would plausibly give rise to an inference of discrimination.  Plaintiff fails to allege any specific facts suggesting racial animus; indeed, the Amended Complaint does not even specify Plaintiff's race or the race of any of his co-workers or supervisors.  (*See generally id.*)  Plaintiff does allege that "Plaintiff's gender of male played a role in actions and decisions against Plaintiff" because management was "composed of all females."  (*Id.* at 12.)  However, this conclusory allegation cannot, on its own, serve as the basis for a discrimination claim.  *See Perry v. County of Westchester*, No. 06-CV-3000 (KMK), 2008 WL 11438085, at *17 (S.D.N.Y. Mar. 31, 2008) (finding that the plaintiff's "conclusory statements" that "race must have been a motivating factor because [he] was the only African American employee in the group" and that "he was treated differently from his Caucasian co-workers" did not "establish discriminatory intent"); *see also Henry v. McDonald*, 531 F. Supp. 3d 573, 586 (E.D.N.Y. 2021) ("No one particular type of proof is required to support an inference of discrimination, but a plaintiff's mere subjective belief that he was discriminated against will not sustain a claim.").  Without any specific details that could give rise to a plausible inference of racial or gender discrimination, Plaintiff's Title VII claim must fail.

### 4.  ADA

The ADA prohibits discrimination against a "qualified individual on the basis of disability" in the "terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  Such disability-based discrimination under the ADA includes failing to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate

that the accommodation would impose an undue hardship on the operation of the business of such covered entity."  42 U.S.C. § 12112(b)(5)(A).

  ADA claims are subject to the same administrative exhaustion and timeliness requirements as Title VII claims.  *See* 42 U.S.C. § 12117(a); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir. 1999) (holding that an "ADA charge is subject to the time limitations set forth in Section 706(e)(1)," which details Title VII's exhaustion and timeliness requirements). As with Plaintiff's Title VII claim, Plaintiff fails to adequately plead exhaustion of his administrative remedies related to his ADA claim, and his ADA claim must fail on that reason alone.

  On the merits, a plaintiff alleging an employer has violated the ADA must demonstrate that: "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." *Kinneary v. City of New York*, 601 F.3d 151, 155–56 (2d Cir. 2010) (quoting *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005)).  A plaintiff alleging a failure to provide reasonable accommodation "must show that: '(1) he is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, the employee could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.'"  *Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015) (quoting *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 97 (2d Cir. 2009)) (alterations omitted).

  In his Amended Complaint, Plaintiff alleges only that he is "disabled" and that he filed a

complaint that he was discriminated against because of his disability.  (Am. Comp. 12.)  While Plaintiff's opposition explains that he has "2 shoulder injuries at Left and Right shoulder, and groin injury," which cause him "great pain" when he is "sedentary," and that "the VA continued to press and force [him] to become more and more sedentary at work," (Pl.'s Opp. 2), I cannot consider these new factual allegations, since they were not included in the Amended Complaint. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) ("[A] court adjudicating [a 12(b)(6)] motion may review only a narrow universe of materials.  Generally, we do not look beyond facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken."  (internal quotation marks omitted)); *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.").  However, to the extent that Plaintiff means to allege that the VA failed to accommodate his need to limit sedentary work, Plaintiff still must allege that the VA had notice of his disability, that there was a reasonable accommodation that would allow him to perform the essential functions of the job while spending less time sedentary, and that the VA refused to make that accommodation for him.  The Amended Complaint does not include this information, so Plaintiff fails to state a claim for relief under the ADA.

### 5.  FOIA

FOIA requires the government to make public records "promptly available" upon request, or else to justify why the public records should be withheld pursuant to an enumerated exemption.  5 U.S.C. § 552(a)(3)(A).  FOIA provides that "[e]ach agency, upon any request for records . . . shall determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such

determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i)(I).  While "[a] FOIA

requester is generally required to exhaust administrative appeal remedies before seeking judicial

redress[,] . . . if an agency fails to make and communicate its 'determination' whether to comply

with a FOIA request within certain statutory timelines, the requester 'shall be deemed to have

exhausted his administrative remedies.'" *Citizens for Resp. & Ethics in Wash. v. Fed. Election

Comm'n*, 711 F.3d 180, 184 (D.C. Cir. 2013) (quoting 5 U.S.C. § 552(a)(6)(C)(i)).

Plaintiff alleges that he submitted two FOIA requests, (*see* Am. Compl. 23, 24, 47), and

attaches the requests themselves as exhibits, (Am. Comp. Exs. 19–22; *id.* 23–26).  Plaintiff

alleges that the VA has "fail[ed] to provide the information to date," even though the "VA is far

beyond the 20 day response requirement deadline as per FOIL/Sunshine Act [sic]."[9]  (Am.

Compl. 23, 24.)  Although Plaintiff may be alleging that the VA has "fail[ed] to make and

communicate its 'determination' whether to comply with a FOIA request" within 20 days and

that Plaintiff should therefore be deemed to have exhausted his administrative remedies, *Citizens*,

711 F.3d at 184, the Amended Complaint is by no means clear with regard to this point.  I advise

Plaintiff again to "explain whether the agency responded that he was not entitled to the requested

documents" and to "allege facts about whether he exhausted his administrative remedies."

(Order to Amend 13.)

Finally, in a FOIA suit, Plaintiff must name the VA itself, and not U.S. Secretary of

Veterans Affairs Denis R. McDonough, as the Defendant.  *See* 5 U.S.C. § 552(a)(4)(B).

## C.   *Leave to Amend*

Generally, leave to amend should be "freely give[n]," Fed. R. Civ. P. 15(a), and a pro se

---

[9] Plaintiff uses the acronym "FOIL," which stands for Freedom of Information Law, the New York state version of the federal FOIA.  I liberally construe all references to FOIL to mean FOIA.

litigant in particular "should be afforded every reasonable opportunity to demonstrate that he has a valid claim," *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984).  As such, complaints brought by pro se litigants are often dismissed without prejudice.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that leave to amend should be given unless there is no indication that the pro se plaintiff will be able to assert a valid claim); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999) (stating that pro se complaints are generally "not dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated" (internal quotation marks omitted)).

I find it is in the interest of justice to grant Plaintiff leave to amend.  I note that Plaintiff is eligible for free legal assistance from the NYLAG Legal Clinic for Pro Se Litigants ("Clinic"); although attorneys at the Clinic will not be Plaintiff's counsel.  Because a second amended complaint will completely replace, not supplement, the Amended Complaint, any facts or claims that Plaintiff wishes to maintain must be included in the second amended complaint.  Plaintiff is warned that, having twice received notice of the deficiencies in his pleadings, he is unlikely to be granted another opportunity to amend.  *See Douglas v. Abrams Child. Books*, No. 13-CV-2613 (VSB), 2014 WL 12909009, at *10 (S.D.N.Y. Sept. 26, 2014) ("Plaintiff's failure to fix the defects, after being provided with notice of them, is alone sufficient ground to deny leave to amend *sua sponte*") (collecting cases).

### V.   <u>Conclusion</u>

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  Plaintiff's Amended Complaint is dismissed with leave to amend within forty-five (45) days of the filing of this Opinion & Order.  The Clerk of Court is instructed to terminate the motion pending at Document 15 and mail a copy of this Opinion & Order to the pro se Plaintiff, along with the flyer

about the Clinic located in the Thurgood Marshall Courthouse.

SO ORDERED.

Dated: October 16, 2023
      New York, New York

                                    Vernon S. Broderick
                                    United States District Judge